Riccobono, J.
(dissenting). I vote to affirm. In my view, People v Sandoval (34 NY2d 371) does not purport to exclude from cross-examination of a witness, other than the defendant, facts necessary to demonstrate that witness’ bias or lack of credibility, including the incidental reference to the witness’ identical testimony at a prior prosecution of defendant for a similar offense. The purpose of the Sandoval procedure is to permit a defendant to obtain a prospective ruling as to the permissible scope of his cross-examination concerning prior commission of specific criminal or immoral acts, so that he may decide whether to testify in his own defense. Here, the defendant did testify and there was no violation of the trial court’s pretrial Sandoval ruling as to him. As to the cross-examination of the defendant’s witness, the prosecutor was clearly proceeding in good faith; the information sought to be elicited, i.e., that the witness had given virtually identical testimony on defendant’s behalf on another occasion, was directly probative of this witness’ credibility. To the extent that matter unfavorable to the defendant was introduced during the course of legitimate cross-examination, that is a risk which the defense invited when it placed the witness on the stand.
Regarding the charge, I am of the opinion that People v Cruz (48 NY2d 419) imposes no stricter definition of intoxication than that charged by the trial court.
Hughes, J. P., and Sandifer, J., concur; Riccobono, J., dissents in a separate opinion.